146 So. 801

## KYLE v. CENTRAL NAT. BANK OF DECATUR.

8 Div. 330.

Supreme Court of Alabama.

March 9, 1933.

258

A. J. Harris and S. A. Lynne, both of Decatur, for appellant.

Eyster & Eyster, of Decatur, for appellee.

ANDERSON, Chief Justice.

The trial court overruled the demurrer to the defendant's special pleas 2 to 6, inclusive, and whether correctly so or not we are not called upon to decide, as the ruling was favorable to the appellant, and the appellee cannot complain on this appeal. The plaintiff filed several replications to these pleas, and the demurrer was overruled to numbers 6 to 10, inclusive. The substance of these pleas, of which 4 is an example, presents the illegality of the notes because the giving of same involved doing business in this state by a foreign corporation which did not have a permit as required by sections 7209, 7210, and 7211 of the Code of 1923. Some of the pleas would indicate a noncompliance with the "Blue Sky Law" (see Code 1928, § 9877 et seq.), but this phase of the defense, even if properly pleaded, is not urged in argument. The appellant insists, however, that his special plea 4 was proven, and that this was a complete defense, unless the plaintiff's replications, or one of them, were proven. As to this, we may concede the correctness of the suggestion, if the plea was proven and the replications were not, but we think it was a question for the jury as to whether or not the man Jones, with whom the defendant had the dealings, was the authorized agent of the Alabama-Quenelda Graphite Company and acting in the scope of his authority when undertaking to get the defendant to take the stock in the Dixie Company and transfer the same for stock in the former company, and, as we view this record, that was the one and sole issue for the determination of the jury under the issue made by the pleading and the evidence presented at the trial.

The replications were not proven, as each of them charge that the defendant knew of the facts relied on in his pleas, that is, had notice that the Alabama-Quenelda Company had not complied with the law as to procuring a permit, etc., and this fact was denied in the evidence of the defendant, and was in no wise contradicted. Therefore the replications not having been proved, the defendant was entitled to a verdict upon proof of his special pleas, or either of them.

Defendants requested charges 2 and P should have been given. They hypothesize the material averments of the pleas except as to the failure of the Alabama-Quenelda Company to obtain the permit as required by law and there was no proof of this fact; the burden to do so rested with the plaintiff. Indeed, the trial court affirmatively instructed the jury that the said corporation was a foreign one, and was not qualified to do business in Alabama.

The defendant was also entitled to his requested charge K. as there was no proof of notice to Kyle as charged in the replications.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.